**PERKINS COIE LLP**

Abdul Kallon (*pro hac vice*)
AKallon@perkinscoie.com
Ryan Spear (*pro hac vice*)
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Danielle Sivalingam, Bar No. 294369
DSivalingam@perkinscoie.com
Angie Kim, Bar No. 270503
AngieKim@perkinscoie.com
605 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Michael R. Huston (*pro hac vice*)
MHuston@perkinscoie.com
700 13th St NW
Washington, DC 20005
Telephone: 202.654.6200
Facsimile: 202.654.621

*Attorneys for Defendant Google LLC
(erroneously sued as Google Inc.)*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, | Case No. 2:22-cv-01904-TLN-JDP |
| Plaintiff, | **DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| GOOGLE INC., | Date: April 20, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |
| Defendant. | |

Pursuant to Federal Rule of Evidence 201, and in connection with the concurrently filed Motion to Dismiss, Defendant Google LLC (erroneously sued as "Google Inc.") ("Google") hereby requests that the Court take judicial notice of the following documents attached as Exhibits A-O to the Declaration of Sunita Bali in Support of Motion to Dismiss ("Bali Decl."):

| EX. | DESCRIPTION |
|---|---|
| A | Letter from Peter G. Blumberg, Assistant Gen. Counsel, Fed. Election Comm'n, to Claire Rajan, Allen & Overy LLP, RE: MUR 7991 FEC Factual and Legal Analysis (Jan. 11, 2023), https://www.politico.com/f/?id=00000185-c18a-d88f-aba5-f7af64490000 |
| B | Neil Kumaran, *Understanding Gmail's spam filters*, Google Workspace Blog (May 27, 2022), https://workspace.google.com/blog/identity-and-security/an-overview-of-gmails-spam-filters |
| C | *Learn about bulk email best practices*, Google Gmail Help, https://support.google.com/mail/answer/10979322?hl=en (last visited Jan. 23, 2023) |
| D | *Postmaster Tools by Gmail*, http://gmail.com/postmaster (last visited Jan. 23, 2023) |
| E | *Get started with Postmaster Tools*, Gmail Help Center, https://support.google.com/mail/answer/9981691?hl=en&ref_topic=6259779&authuser=0#zippy=%2Cip-reputation%2Cspam-rate%2Cfeedback-loop%2Cdomain-reputation (last visited Jan. 23, 2023) |
| F | Letter from Matthew Raymer et al., Chief Counsel, Republican Nat'l Comm., to Lisa J. Stevenson, Acting Gen. Counsel, Fed. Election Comm'n, Re: Illegal In-Kind Contributions Made by Google to Biden For President and Other Democrat Candidates (Apr. 26, 2022), https://prod-static.gop.com/media/documents/RNC_NRSC_NRCC_-_Complaint_Against_Google_04.26.22_1651002862.pdf |
| G | Allen J. Dickerson, Advisory Opinion 2022-14, Fed. Election Comm'n (Aug. 11, 2022), https://www.fec.gov/files/legal/aos/2022-14/2022-14.pdf |
| H | Letter from Claire Rajan, Allen & Overy LLP, to Lisa J. Stevenson, Acting Gen. Counsel, Fed. Election Comm'n (July, 1, 2022), https://www.fec.gov/files/legal/aos/2022-14/202214R_1.pdf |
| I | Hassan Iqbal et al., *A Peek into the Political Biases in Email Spam Filtering Algorithms During US Elections 2020* (Mar. 31, 2022), https://arxiv.org/pdf/2203.16743.pdf |

| | | |
|---|---|---|
| | J | Cristiano Lima, *Republicans Seized on a Study as Proof of Google's Bias. Its Authors Say It's Being Misrepresented*, Wash. Post (May 25, 2022), https://www.washingtonpost.com/politics/2022/05/25/republicans-seized-study-proof-googles-bias-its-authors-say-it-being-misrepresented/ |
| | K | *Google Terms of Service*, Google Privacy & Terms (Jan. 5, 2022), https://policies.google.com/terms?hl=en-US |
| | L | *Gmail Program Policies*, Google Gmail, https://www.google.com/gmail/about/policy/?hl=en-US (last visited Jan. 23, 2023) |
| | M | *Mark or unmark Spam in Gmail*, Gmail Help Center, https://support.google.com/mail/answer/1366858?hl=en&co=GENIE.Platform%3DAndroid (last visited Jan. 23, 2023) |
| | N | *Prevent mail to Gmail users from being blocked or sent to spam*, Gmail Help Center, https://support.google.com/mail/answer/81126 (last visited Jan. 23, 2023) |
| | O | *2022 RNC Membership*, GOP.com, https://secure.gop.com/donate (last visited Jan. 23, 2023) |

## BASES FOR REQUESTING JUDICIAL NOTICE

Exhibits A through O are the proper subjects of judicial notice and can be considered by the Court in connection with Google's Motion to Dismiss. Under Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d).

Additionally, the doctrine of incorporation by reference permits courts to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). A court generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *In re Google Assistant Priv. Litig.*,

-3-

457 F. Supp. 3d 797, 813 (N.D. Cal. 2020) (citation omitted). The "policy concern underlying the rule" is "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (per curiam).

### I. Google's Terms of Service (Exhibit K), Gmail Program Policies (Exhibit L), and Other Pages on Google's Website (Exhibits B, C, D, E, M, and N)

Exhibits K and L are Google's Terms of Service and Gmail Program Policies. Exhibits B, C, D, E, M, and N are also publicly available pages from Google's website, such as Google blog posts and Help Center pages. All of these exhibits are publicly available on Google's website and thus "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts regularly take judicial notice of Google's publicly available terms and websites. *See, e.g., In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813-14 (taking judicial notice of Google's blog post "for the fact that Google made the statements it contains"); *Matera v. Google, Inc.*, No. 15-CV-04062, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, Privacy Policy, and other pages from Google's website because they "are the proper subject of judicial notice"); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617-18 (N.D. Cal. 2021) (taking judicial notice of several versions of Google's online Privacy Policy because they "appear on publicly available websites and are thus proper subjects for judicial notice").

Indeed, these exhibits show what Google communicated to users, senders, and the public about Gmail and its spam filtering technologies. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of various newspapers, magazines, and books "solely as an indication of what information was in the public realm at the time"); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) (taking judicial notice of online news articles and excerpts from various websites "that indicate what was

in the public realm at the time"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (judicially noticing party and third party websites).

The Court can also consider these documents under the incorporation by reference doctrine. *See Knievel*, 393 F.3d at 1076-77. Exhibits K and L are both expressly cited and discussed in the Complaint, and thus incorporated by reference. *See* Compl. ¶¶ 8, 15 n.2 (Terms of Service) and *id*. n.2 (Gmail Program Policies); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813 (granting request to incorporate by reference Google's Terms of Service and Privacy Policy where they were discussed in the complaint).

Similarly, although not expressly discussed in the Complaint, Exhibits B, C, D, E, M, and N can be considered under the incorporation by reference doctrine because they are necessary to provide context for some of the webpages referenced in the Complaint. The Complaint repeatedly cites information from Google's website to support the RNC's allegations regarding how Google's services work and how Google describes those services to the public. *See, e.g.,* Compl. ¶¶ 8, 15 n.2 (Terms of Service), ¶ 15 (citing Google webpage entitled "How our business works"), ¶ 16 (citing Google website regarding Display Ads), ¶ 36 (referring to Google's "Postmaster Tools"). The RNC cannot cherry-pick pages from Google's website that it believes support its claims, while "deliberately omitting references to documents upon which their claims are based[.]" *Parrino*, 146 F.3d at 706.

Indeed, the Ninth Circuit has held that a court may consider surrounding pages of a website while the plaintiff only attached a portion of the website. *See Knievel*, 393 F.3d at 1076 ("Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages."). Just as the surrounding pages in *Knievel* were considered to evaluate the context of the alleged defamatory page, the surrounding pages of Google's website must be considered to provide context to the RNC's allegations regarding how Gmail works and how Google communicates that information to the public. *See Abed v. Bloomberg*, No. 20-cv-02231, 2020 WL 7315018, at *2 (C.D. Cal. Aug. 5, 2020) (considering screenshot from website

submitted by defendant under doctrine of incorporation by reference where complaint "includes screenshots of and quotes from the same website").

## II.  RNC's Website (Exhibit O)

Exhibit O is the donation page on the RNC's website. Just as the Court may judicially notice Google's website, it can judicially notice the RNC's website because it is a publicly accessible website and shows what is in the public realm. *See* Fed. R. Evid. 201(b)(2); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813; *Calhoun*, 526 F. Supp. 3d at 617-18; *Von Saher*, 592 F.3d at 960; *Reynolds*, 481 F. Supp. 3d at 1002; *Datel*, 712 F. Supp. 2d at 985.

## III.  North Carolina State University Study (Exhibit I) and News Article (Exhibit J)

Exhibit I is a North Carolina State University study that the RNC discusses in the Complaint, and which it contends supports its claims. *See* Compl. ¶ 54 & n.3. Thus, it can properly be considered by the Court under the incorporation by reference doctrine. *See Knievel*, 393 F.3d at 1076-77; *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813. Exhibit J is a Washington Post article that quotes the researchers responsible for the North Carolina State University Study cited in the Complaint, *see* Compl. ¶ 54 & n.3. It provides important context for considering the study cited in the Complaint, and thus can also be considered by the Court under the incorporation by reference doctrine. *See Knievel*, 393 F.3d at 1076-77. Exhibits I and J are also subject to judicial notice, as they are available on public websites and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813.

## IV.  Records Related to Proceedings Before the Federal Election Committee ("FEC") (Exhibits A, F, G, and H)

Exhibits A, F, G, and H relate to proceedings before the FEC. Exhibit F is the RNC's April 26, 2022 complaint against Google alleging discriminatory spam filtering practices, which is publicly available on the FEC's website. Exhibit A is the FEC's January 11, 2023 resolution of that complaint, finding "no reason to believe" that Google engaged in any improper behavior and advising that "the Commission closed its file" in the matter. Exhibit A is currently publicly

available via news outlets, but states that it is scheduled to be placed on the public record within 30 days of its January 11, 2023 release. Exhibit H is Google's July 1, 2022 request to the FEC for an advisory opinion related to its proposed pilot program for bulk emails sent to Gmail users by authorized candidate committees, political party committees, and leadership political action committees registered with the FEC ("Pilot Program"). Exhibit G is the FEC's August 11, 2022 Advisory Opinion authorizing the Pilot Program. Exhibits G and H are both publicly available on the FEC's website.

Courts routinely take judicial notice of information on government websites because such information "was made publicly available by government entities" and "neither party disputes the authenticity of the web sites or the accuracy of the information [contained] therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice is appropriate for records and reports of administrative bodies "as background material"); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146-47 (C.D. Cal. 2006) (taking judicial notice of government administrative reports where authenticity not disputed). This Court should likewise take judicial notice of Exhibits A, F, G, and H.

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court take judicial notice of Exhibits A-O.

Dated: January 23, 2023　　　　　　　　　　**PERKINS COIE LLP**

By: _____
Sunita Bali, Bar No. 274108
Danielle Sivalingam, Bar No. 294369
Angie Kim, Bar No. 270503
Abdul Kallon (*pro hac vice*)
Ryan M. Spear (*pro hac vice*)
Michael R. Huston (*pro hac vice*)

*Attorneys for Defendant Google LLC
(erroneously sued as Google Inc.)*

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on January 23, 2023, as follows:

Harmeet K. Dhillon (harmeet@dhillonlaw.com)
Michael A. Columbo (mcolumbo@dhillonlaw.com)
Jeremiah D. Graham (jgraham@dhillonlaw.com)
Anthony J. Fusaro, Jr. (afusaro@dhillonlaw.com)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

Counsel for Plaintiff
Republican National Committee


Thomas R. McCarthy (tom@consovoymccarthy.com)
Thomas S. Vaseliou (tvaseliou@consovoymccarthy.com)
Conor D. Woodfin (conor@consovoymccarthy.com)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423

Counsel for Plaintiff
Republican National Committee


                                                */s/ Sunita Bali*
                                                Sunita Bali