HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
JEREMIAH D. GRAHAM (SBN: 313206)
jgraham@dhillonlaw.com
ANTHONY J. FUSARO, JR. (SBN: 345017)
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
*Counsel of Record for Plaintiff Republican National Committee*

THOMAS R. MCCARTHY (pro hac vice)
tom@consovoymccarthy.com
THOMAS S. VASELIOU (pro hac vice)
tvaseliou@consovoymccarthy.com
CONOR D. WOODFIN (pro hac vice)
conor@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
*Counsel for Plaintiff Republican National Committee*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE,<br><br>Plaintiff,<br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | Case Number: 2:22-cv-01904-TLN-JDP<br><br>**PLAINTIFF REPUBLICAN NATIONAL COMMITTEE'S NOTICE OF MOTION AND MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DEFENDANT GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS (ECF 31).**<br><br>Date:  April 20, 2023<br>Time:  2:00 p.m.<br>Dept:  Courtroom 2, 15th Floor<br>Judge:  Hon. Troy L. Nunley |



TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 20, 2023, at 2:00 p.m. in Courtroom 2, on the 15th Floor of the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, CA 95814, Plaintiff Republican National Committee ("RNC") will and hereby does move for an order striking Exhibits A-H, and J-O in Google's Request for Judicial Notice in Support of Motion to Dismiss (ECF 31).

This motion is made on the grounds that the documents Google has requested the Court to judicially notice do not satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence: the information is not generally known, and is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned.

This motion to strike is based on the accompanying memorandum of points and authorities, as well as the pleadings, records and files in this action.

Date: February 27, 2023　　　　　**DHILLON LAW GROUP INC.**

By: /s/ Harmeet K. Dhillon
Harmeet K. Dhillon
Michael A. Columbo
Jeremiah D. Graham
Anthony J. Fusaro, Jr.
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

**CONSOVOY MCCARTHY PLLC**

Thomas R. McCarthy (pro hac vice)
Thomas S. Vaseliou (pro hac vice)
Conor D. Woodfin (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
*Counsel for Plaintiff Republican National Committee*



2

Plaintiff's Motion to Strike Defendant's　　　　　Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

**INTRODUCTION**

Defendant Google requests that this Court take judicial notice of fifteen documents, labeled Exhibits A through O. *See* ECF 31. Plaintiff Republican National Committee moves to strike Google's request for judicial notice and objects to each document, other than Exhibit I.[1] That is because Google's requests for judicial notice, and the documents attached to the Declaration of Sunita Bali, seek to inappropriately introduce extrinsic evidence to dispute the factual allegations in the RNC's complaint. This Court should not consider those documents, or the arguments Google made based on those documents, as the information in the documents is not generally known, the RNC reasonably questions the accuracy of the documents, Google impermissibly relies on the truth of the documents for its arguments, and Google failed to identify the specific fact or facts it was noticing in the requested documents.

**ARGUMENT**

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Applied Underwriters Inc. v. Lichtenegger*, 2017 WL 2881517, at *2 (E.D. Cal. July 6) (Nunley, J.) (cleaned up). "Two exceptions exist: one for material attached to the complaint or referred to in the complaint if the complaint necessarily relies on that material and its authenticity and relevance are not disputed and one for matters subject to judicial notice pursuant to Federal Rule of Evidence 201." *Id.* (citation omitted); *see also Chin King Wong v. Wells Fargo Bank, N.A.*, 2020 WL 7024234, at *3 (E.D. Cal. Nov. 30) (Nunley, J.). Under Rule 201, the court may take "judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). And that adjudicative fact must also "not [be] subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**I.  The FEC proceedings (Exhibits A, F, G, and H) are not proper subjects for judicial notice.**

Google asks this Court to judicially notice Exhibits A, F, G, and H, which are various Federal

---

[1] The RNC does not object to Exhibit I, which is referenced in the complaint, Compl. (ECF 1) ¶54 & n.3.

3

Plaintiff's Motion to Strike Defendant's    Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

Election Commission ("FEC") documents. But judicial notice of administrative agency records "establishes only that these documents are as they are; it does not establish the correctness of any determinations therein." *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (citing *Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)). And it is well-established that courts cannot take judicial notice of disputed facts contained in a public record. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018); *Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011) (holding that a court may also "take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents"); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[C]ourts 'cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed.'" (quoting *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017))).

Yet that is precisely what Google seeks to do here. For example, in its motion to dismiss, Google fights the well-pleaded allegations and argues that "Gmail's spam filtering policies apply equally to emails from all senders, whether they are politically affiliated or not." MTD (ECF 30) at 1. It then uses the exhibits for the proposition that the FEC "has already rejected the RNC's political-discrimination theory" and found "that Gmail filters spam 'to enhance the value of the Gmail product,' not 'to influence any election for federal office.'" *Id.*; *see also, e.g.*, *id.* at 4 (using FEC's determination as accepted fact); *id.* at 9 n.2 (similar). In other words, Google asks this Court to accept the FEC's findings as truth and is using them to support disputed facst. Courts routinely reject such attempts. *See, e.g.*, *Rollins*, 338 F. Supp. 3d at 1034 ("Defendants' purpose in attempting to introduce this document is to argue a fact that is in dispute …. The request is denied."). Even if the FEC were a federal court, this would be an improper request and argument. *See, e.g.*, *Lee*, 250 F.3d at 690 (concluding that when a court is taking judicial notice of another court's opinion, "it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity'" (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp.*, 181 F.3d 410,

4

Plaintiff's Motion to Strike Defendant's   Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

426-27 (3d Cir. 1999))).

Moreover, Google's use of the FEC exhibits is materially similar to using a party's prior litigation history to undermine its current claim. This too has been rejected numerous times. *See, e.g.*, *Arroyo v. LL Folsom, L.P.*, 2022 WL 4387895, at *3 n.1 (E.D. Cal. Sept. 22) (Nunley, J.) (denying request "to the extent Defendants cite Plaintiff's prior litigation history as a basis for scrutinizing the validity of Plaintiff's current claim").

Finally, Google's judicial-notice request here is particularly dubious because the FEC matter involved different statutes, different allegations, and different questions. Further, the FEC did not consider any of the factual allegations in the RNC's complaint other than the North Carolina State University study, and whether that study—standing alone—was sufficient to establish an in-kind contribution under federal election law. The RNC's complaint involves different factual allegations and different claims, and it only references that study in a single paragraph of the complaint. Compl. ¶54. This Court should not be analyzing and weighing the truth of the FEC's findings against the RNC's plausible allegations.

In sum, Google's request that the Court judicially notice the truth of the facts stated in Exhibits A, F, G, and H is improper. The Court should deny Google's request for judicial notice; strike every reference to these exhibits in its motion to dismiss; and not consider any part of Exhibits A, F, G, and H in the Court's analysis of Google's motion to dismiss.

**II. The news article about the North Carolina study (Exhibit J) is not a proper subject for judicial notice.**

Exhibit J is a news article about a North Carolina study referenced briefly in the complaint, and the statements and facts asserted in the article are in dispute. Google argues that because it is a news article published on the Internet, it is beyond question. Notice (ECF 31) at 6. There is "no basis in sound authority for [this] conclusion." *Rollins*, 338 F. Supp. 3d at 1032. "The cases in which courts take judicial notice of newspaper articles and press releases … are limited to a narrow set of circumstances not at issue here—*e.g.*, in securities cases for the purpose of showing that particular information was available to the stock market." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d

5

Plaintiff's Motion to Strike Defendant's   Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

1011, 1028 (C.D. Cal. 2015).

In its motion to dismiss, Google asks the Court to consider the statements from Exhibit J as indisputable facts. *See* MTD at 9. Google "clearly seeks to have the court take judicial notice of the *truth* of the facts stated in" Exhibit J, and "the court cannot do" that, *Gerritsen*, 112 F. Supp. 3d at 1029; *see also id.* at 1030 (holding that it was "irrelevant, for purposes of defendants' motion to dismiss, that the information in the press releases and news articles was publicly available"). "Finally, and most fundamentally, to the extent the court *can* take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Id.* at 1029 (cleaned up).

Google's request that the Court judicially notice the truth of the facts stated in Exhibit J is improper. The Court should deny Google's request for judicial notice, strike every reference to it in Google's motion to dismiss, and not consider any part of Exhibit J in the Court's analysis of Google's motion to dismiss.

**III.   Google's webpages (Exhibits B-E and K-N) are not a proper subject for judicial notice.**

Google argues that this Court should take judicial notice of Google's Terms of Services (Exhibit K), Gmail Program Policies (Exhibit L), and other pages on Google's website (Exhibits B, C, D, E, M, and N). The RNC's complaint does not rely on these documents, and the complaint's passing mention is not enough to serve as the basis for incorporation by reference. *See* Compl. ¶¶8, 15. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document" by reference for the purpose of a motion to dismiss for failure to state a claim. *Sinatro v. Barilla Am., Inc.*, 2022 WL 10128276, at *5 (N.D. Cal. Oct. 17) (cleaned up). Further, "[i]t is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Khoja*, 899 F.3d at 999 (cleaned up). And it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Cottle v. Plaid, Inc.*, 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) (cleaned up).

These documents are subject to interpretation and are in dispute. There are questions regarding

6

Plaintiff's Motion to Strike Defendant's   Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

1   when these policies were in effect, against whom they were enforced, and how they were interpreted. More to the point, Google does not suggest what fact or facts that stem from these documents it asks the Court to judicially notice. Rather, Google states broadly, "these exhibits show what Google communicated to users, senders, and the public about Gmail and its spam filtering technologies." Notice at 4. That amounts to nothing more than an attempt to backdoor a factual denial of the RNC's plausible allegations. *See Khoja*, 899 F.3d at 1000 (holding that it was an abuse of discretion to judicially notice a document to determine third-party knowledge about a disputed subject). This Court should reject Google's attempt to proffer extrinsic evidence to attack the complaint's plausible factual allegations.

Finally, Google argues the Court should judicially notice these webpages because other district courts have judicially noticed them before. Notice at 4. This argument fails because the context and circumstances of those prior requests were critically different from those here.

Take, for example, *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d. 797 (N.D. Cal. 2020). There, the district court took judicial notice of Google's terms of service and privacy policy because they supported Plaintiffs' claims for breach of contract and breach of warranty as they contained the contract and warranty terms that were allegedly breached. *Id.* at 813-14. Here, the RNC does not allege that Google violated its terms of service or its policies. The district court in *In re Google Assistant Priv. Litig.* also took judicial notice of one of Google's blog posts, noting that it was not asked to accept the statements in the blog post as true. *Id.* Here, by contrast, Google asks the Court to accept its blog post statements as true, asking the Court to adopt the truth of its statements that "Gmail uses spam filters to make Gmail safer, more useful, and more efficient." *See* Bali Decl., Ex. B at 2 (Google Workspace Blog); MTD at 3; *see also, e.g., id.* at 4, 11 n.4, 13, 15-16, 25. These are facts in dispute.

Google next cites *Matera v. Google, Inc.*, 2016 WL 5339806 (N.D. Cal. Sept. 23), where Google's requests for judicial notice were "unopposed." *Id.* at *7. That case's reasoning also relied on another case in which web pages were properly noticed because they were the reason for the claims in the complaint. *Id.* (citing *Caldwell v. Caldwell*, 2006 WL 618511, at *3 (N.D. Cal. Mar. 13) (even though the complaint was that a website violated the Constitution, the court declined to take judicial

notice of that website)). As stated above, Google's websites and their contents are not the reason for the RNC's complaint.

Google finally cites *Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021). There, the plaintiff requested judicial notice of Google's webpages, and Google did "not contest that the documents of which Plaintiffs request judicial notice are proper subjects of judicial notice." *Id.* at 617. Importantly, in that case, Google argued, and the court agreed, "that the Court cannot take judicial notice of any facts in these documents that are subject to reasonable dispute." *Id.* at 618. Thus, even if the webpages in Google's request for judicial notice were appropriate for notice—and they are not—this Court cannot take judicial notice of any facts in those webpages.

In short, Google has requested judicial notice of Exhibits B, C, D, E, K, L, M, and N for an improper purpose—to establish the truth of facts that are subject to reasonable dispute. Therefore, the Court should deny Google's request for judicial notice of those exhibits, strike all references to them in Google's motion to dismiss, and not consider them in ruling on Google's motion to dismiss.

**IV.  The RNC's website (Exhibit O) is not a proper subject for judicial notice, even if Google were seeking to introduce it for a proper purpose.**

Google improperly seeks judicial notice of Exhibit O to dispute the RNC's factual claim that it lost money because of Google's conduct. MTD at 18. This is not a permissible purpose for judicial notice as weighing facts is the province of the jury alone, and this Court must accept the RNC's factual allegations of economic damage as true in this posture. *Lee*, 250 F.3d at 688-90; *see, e.g.*, Compl. ¶¶2, 5, 8, 16-17, 21.

Even if Google sought to introduce the document for permissible reasons, the RNC's website does not meet the applicable standard to allow for judicial notice. "[F]ederal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents from websites when the sole justification for judicial notice is that the information or documents appear on websites that are created and maintained by a party to the litigation." *Punian v. Gillette Co.*, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20) (cleaned up) (collecting cases). "Accordingly, the fact that the subject of [Google's] request for judicial notice is from [the RNC's]

website is not, standing alone, a sufficient basis for this Court to grant the request." *Id.*

Moreover, while "there are cases suggesting that courts may take judicial notice of 'publicly available' websites[,] a close examination of those cases show little to no basis in sound authority for their conclusion." *Rollins*, 338 F. Supp. 3d at 1032 (citations omitted). Unlike government records and websites, "the records of private parties have no such imprimatur of reliability, and neither do their websites." *Id.* "When a non-governmental entity [seeks] judicial notice of its paper records, the request is properly rejected because such documents are subject to reasonable dispute." *Id.* at 1033. "That the same entity posts them on a 'publicly available' website does not change that essential fact and does not make them 'public records' for purposes of the judicial notice rules." *Id.*

Google argues that judicial notice of Exhibit O, a donation page on the RNC's website, is a proper subject for judicial notice because "it is a publicly accessible website and shows what is in the public realm." Notice at 6. Even if it were in the public realm, it comes from neither a government document nor a court proceeding. The Court should thus deny Google's request, should strike Exhibit O, and not consider Exhibit O as part of Google's motion to dismiss.

**V.  Google does not identify any adjudicative facts as part of its request.**

The party seeking judicial notice and the court must "identify … which fact or facts" are noticeable within a document for the document to be properly noticed. *Khoja*, 899 F.3d at 999. Here, Google fails to identify a single adjudicative fact that will aid the Court in its analysis of Google's motion to dismiss. It is neither the RNC's nor this Court's responsibility to parse documents to determine their relevance and whether particular facts are noticeable. Google has failed to meet its identification burden for all exhibits except Exhibit I.

## CONCLUSION

For the foregoing reasons, this Court should deny Google's request for judicial notice, strike all exhibits—other than Exhibit I—from the declaration of Sunita Bali, (ECF 30-1), and not consider the exhibits when ruling on Google's motion to dismiss.

9

Plaintiff's Motion to Strike Defendant's   Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss

Date: February 27, 2023

**DHILLON LAW GROUP INC.**

By: <u>/s/ *Harmeet K. Dhillon*</u>
    Harmeet K. Dhillon
    Michael A. Columbo
    Jeremiah D. Graham
    Anthony J. Fusaro, Jr.
    DHILLON LAW GROUP INC.
    177 Post Street, Suite 700
    San Francisco, California 94108
    Telephone: (415) 433-1700
    *Counsel of Record for Plaintiff Republican National Committee*

**CONSOVOY MCCARTHY PLLC**

    Thomas R. McCarthy (pro hac vice)
    Thomas S. Vaseliou (pro hac vice)
    Conor D. Woodfin (pro hac vice)
    CONSOVOY MCCARTHY PLLC
    1600 Wilson Blvd., Suite 700
    Arlington, VA 22209
    (703) 243-9423
    *Counsel for Plaintiff Republican National Committee*



# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on February 27, 2023, as follows:

**PERKINS COIE LLP**

Abdul Kallon (pro hac vice)
AKallon@perkinscoie.com
Ryan Spear (pro hac vice)
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Danielle Sivalingam, Bar No. 294369
DSivalingam@perkinscoie.com
Angie Kim, Bar No. 270503
AngieKim@perkinscoie.com
605 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Michael R. Huston (pro hac vice)
MHuston@perkinscoie.com
700 13th St NW
Washington, DC 20005
Telephone: 202.654.6200
Facsimile: 202.654.621

*Counsel for Defendant Google LLC*

/s/ *Harmeet K. Dhillon*
Harmeet K. Dhillon

11

Plaintiff's Motion to Strike Defendant's   Case No. 2:22-cv-01904-TLN-JDP
Request for Judicial Notice ISO Motion to Dismiss