**PERKINS COIE LLP**

Abdul Kallon (*pro hac vice*)
AKallon@perkinscoie.com
Ryan Spear (*pro hac vice*)
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Danielle Sivalingam, Bar No. 294369
DSivalingam@perkinscoie.com
Angie Young Kim, Bar No. 270503
AngieKim@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Michael R. Huston (*pro hac vice*)
MHuston@perkinscoie.com
700 13th St NW
Washington, DC 20005
Telephone: 202.654.6200
Facsimile: 202.654.621

*Attorneys for Defendant Google LLC (erroneously sued as Google Inc.)*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

REPUBLICAN NATIONAL COMMITTEE,

Plaintiff,

v.

GOOGLE INC.,

Defendant.

Case No. 2:22-cv-01904-TLN-JDP

**GOOGLE LLC'S OPPOSITION TO MOTION TO STRIKE**

Date: April 20, 2023
Time: 2:00 p.m.
Dept.: Courtroom 2, 15th Floor
Judge: Hon. Troy L. Nunley

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Motion to Strike Should Be Denied as Procedurally Improper ..... 2

B. The Court Should Take Judicial Notice of Exhibits A-O ..... 2

1. Excerpts from Google's Webpage (Exhibits B-E and K-N) ..... 3

2. RNC's Donation Webpage (Exhibit O) ..... 6

3. The NCSU Study (Exhibit I) and Related News Article (Exhibit J) ..... 7

4. Records Related to FEC Proceedings (Exhibits A and F-H) ..... 8

III. CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arroyo v. LL Folsom, L.P.*,
No. 21-cv-00266, 2022 WL 4387895 (E.D. Cal. Sept. 22, 2022) ........ 8

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) ........ 4

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) ........ 4

*Daghlian v. DeVry Univ., Inc.*,
461 F. Supp. 2d 1121 (C.D. Cal. 2006) ........ 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ........ 8

*Datel Holdings Ltd. v. Microsoft Corp.*,
712 F. Supp. 2d 974 (N.D. Cal. 2010) ........ 4, 6, 7

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (2020) ........ 4, 6, 7

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ........ 5

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ........ 3, 6

*Matera v. Google, Inc.*,
No. 15-CV-04062, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ........ 4

*McCoy v. Alphabet, Inc.*,
No. 20-cv-05427, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ........ 4, 6

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ........ 3

*Reynolds v. Binance Holdings Ltd.*,
481 F. Supp. 3d 997 (N.D. Cal. 2020) ........ 4, 6, 7

*Robinson v. Salazar*,
838 F. Supp. 2d 1006 (E.D. Cal. 2012) ........ 3

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 883 (9th Cir. 1983) ........ 2

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Sinatro v. Barilla Am., Inc.*, No. 22-cv-03460, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022) ..................................... 5, 6

*United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943 (9th Cir. 2008)........................................................................................ 8

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010)................................................................................ 4, 6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 7 ........................................................................................................ 2

Fed. R. Civ. P. 12(f) .................................................................................................. 2

Fed. R. Evid. 201(b)............................................................................................. 1, 3

Google LLC (erroneously sued as "Google Inc.") ("Google") hereby opposes the Motion to Strike and Evidentiary Objections to Google's Request for Judicial Notice in Support of its Motion to Dismiss, Dkt. 34 ("Mot. to Strike"), filed by the Republican National Committee (the "RNC").

## I. INTRODUCTION

Google can and should prevail on its motion to dismiss even if the Court declines to take judicial notice of a single exhibit. The allegations in the Complaint itself demonstrate the fundamental implausibility of the RNC's discrimination theory, dooming every one of its claims. Nonetheless, judicial notice of Exhibits A-O to the Declaration of Sunita Bali in Support of Google's Motion to Dismiss the Republican National Committee's Verified Complaint ("Bali Declaration") is plainly permitted under Federal Rule of Evidence 201(b)(2) and the doctrine of incorporation by reference. The RNC's motion to strike is procedurally improper, substantively flawed, and should be denied.

It is obvious that the RNC opposes Google's Request for Judicial Notice ("RJN") because the exhibits at issue further undermine its theory of partisan viewpoint discrimination. The exhibits reveal, among other things, that: (1) Google publishes robust online guidance and tools for Gmail users, third-party senders like the RNC, and the public regarding Gmail's spam filtering practices, including how senders can improve inboxing rates and how Gmail users can ensure they see the emails they want to see; (2) the Federal Election Committee ("FEC") authorized a pilot program for political senders like the RNC; (3) the FEC rejected the RNC's claims that Gmail's spam filtering algorithms are biased against Republicans—claims very similar to the RNC's assertions in this case; (4) supporters can easily make donations to the RNC via its website; and (5) one of the researchers who published the North Carolina State University Study ("NCSU Study") referenced in the Complaint made public statements rejecting the notion that the study shows that Gmail is biased against Republicans.

That the RNC does not like these exhibits, or what they show, is no basis to deny a proper request for judicial notice. The Court should deny the RNC's improper motion to strike and grant Google's request for judicial notice of Exhibits A-O.

## II. ARGUMENT

### A. The Motion to Strike Should Be Denied as Procedurally Improper

A motion to strike cannot be used to strike exhibits submitted in connection with a request for judicial notice. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Federal Rule of Civil Procedure 7(a) defines a "pleading" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." By contrast, Federal Rule of Civil Procedure 7(b) covers "motions and other papers," as distinct from the "pleadings" covered by Federal Rule of Civil Procedure 7(a). Thus, under the "express language" of Federal Rule of Civil Procedure 12(f), "only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 883, 885 (9th Cir. 1983) (noting that "appellees have cited no cases that have construed [Federal Rule of Civil Procedure] 12(f) as allowing a district court to strike material not contained in the pleadings of the case").

Because Google's exhibits are not "pleadings" that can be stricken pursuant to Federal Rule of Civil Procedure 12(f), the RNC's motion to strike should be denied as procedurally improper. *See Sidney-Vinstein*, 697 F.2d at 885-86 (holding that "the district court erred in striking the plaintiff's motion to reconsider" because a motion to reconsider is not a "pleading"). At a minimum, Google requests that the Court treat the RNC's motion to strike as an opposition to Google's request for judicial notice, and disregard any reply that the RNC may file.

### B. The Court Should Take Judicial Notice of Exhibits A-O

The RNC opposes judicial notice of all but one exhibit: the NCSU Study (Exhibit I). *See* Mot. to Strike 2-3. Notably, the RNC does not dispute the authenticity or accuracy of any exhibit. Instead it accuses Google of improperly using judicial notice to establish the truth of disputed facts. *See id.* 3-8. The RNC either misunderstands or mischaracterizes Google's request.

Google is not, as the RNC suggests, requesting that the Court accept as true all of the statements made in Google's public webpages, accept the FEC's opinion in related proceedings

as controlling of the outcome here, or conclude that the RNC did not lose money because its website includes a donation page. Mot. to Strike 4-5, 6-9. Google is merely requesting that the Court take judicial notice of the existence of the relevant exhibits, which is plainly permissible under Federal Rule of Evidence 201(b)(2) and the doctrine of incorporation by reference. *See* Fed. R. Evid. 201(b) (a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (doctrine of incorporation by reference permits courts to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading").

The RNC also argues that Google does not identify adjudicative facts as part of its request. *See* Mot. to Strike 9. To the contrary, Google's motion to dismiss and request for judicial notice specify the adjudicative facts for which each exhibit is offered. *See* Mot. to Dismiss 3-5, 9, 11 & n.4, 13-16, 18, 25, Dkt. 30; RJN 4-7, Dkt. 31.

**1. Excerpts from Google's Webpage (Exhibits B-E and K-N)**

There is no dispute that excerpts from Google's webpages (Exhibits B-E and K-N) are publicly available and thus "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Moreover, the RNC admits that it references these exhibits in its Complaint, but claims that its "passing mention" is not enough to warrant incorporation by reference. Mot. to Strike 6. In essence, the RNC urges this Court to rely on its characterization of Google's publicly available webpages (rather than review the webpages for itself) and accept as true allegations in its Complaint that are directly contradicted by the full text of those sources. That is precisely what the doctrines of judicial notice and incorporation by reference seek to avoid. *See Robinson v. Salazar*, 838 F. Supp. 2d 1006, 1016 (E.D. Cal. 2012) ("The court need not accept as true allegations that contradict facts which may be judicially noticed by the court."); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (incorporation by reference doctrine prevents "plaintiffs from surviving a Rule 12(b)(6)

motion by deliberately omitting references to documents upon which their claims are based"), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (per curiam).

Courts regularly take judicial notice of Google's publicly available policies, terms of service, and webpages to establish that they exist and say what they say. *See, e.g.*, *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813-14 (2020) (taking judicial notice of Google's blog post "for the fact that Google made the statements it contains"); *McCoy v. Alphabet, Inc.*, No. 20-cv-05427, 2021 WL 405816, at *2-3 (N.D. Cal. Feb. 2, 2021) (taking judicial notice of several Google webpages "for the fact that Defendant made these statements"); *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of Google's Terms of Service, Privacy Policy, Chrome Privacy Notice, and webpages because they "appear on publicly available websites and are thus proper subjects for judicial notice"); *Matera v. Google, Inc.*, No. 15-CV-04062, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, Privacy Policy, and other pages from Google's website because they "are the proper subject of judicial notice"); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617-18 (N.D. Cal. 2021) (taking judicial notice of several versions of Google's online Privacy Policy because they "appear on publicly available websites and are thus proper subjects for judicial notice").

Contrary to the RNC's claims, Google is not asking this Court to accept the truth of the statements contained in these exhibits. Rather, Google is asking the Court to take judicial notice of the fact that the exhibits exist, and contain statements made by Google to Gmail users, senders, and the public about Gmail's spam filtering practices. Courts routinely take judicial notice of documents for these purposes. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of various newspapers, magazines, and books "solely as an indication of what information was in the public realm at the time"); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) (taking judicial notice of online news articles and excerpts from various websites "that indicate what was in the public realm at the time"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal.

2010) (judicially noticing party and third-party websites).

Google's motion to dismiss and request for judicial notice make clear what facts Google seeks to establish through each exhibit, and that none of those facts is subject to reasonable dispute. *See* RJN 4-6. Specifically, Google's Terms of Service (Exhibit K), Gmail Program Policies (Exhibit L), and the Google Workspace Blog (Exhibit B) show that Google informs the public that it uses spam filtering technology and provides general information about how its spam filters work. *See* Mot. to Dismiss 3, 11 & n.4, 15-16, 25. And Google's Help Center pages (Exhibits C, E, M, and N) show that Google publishes public guidance about email best practices, including guidance for senders on how to "help improve the effectiveness" of their bulk emails, and guidance for users regarding the operation of Gmail's spam filters and spam folders. Ex. C at 1, Dkt. 30-4; *see* Mot. to Dismiss 4, 13, 16. Similarly, Google's Postmaster Tools by Gmail (Exhibit D) shows that Google offers free tools for bulk senders to better understand how to reach intended recipients. Ex. D at 1, Dkt. 30-5; *see* Mot. to Dismiss 4. All these examples show that Google is not relying on any of these exhibits to establish the truth of any reasonably disputed fact, but rather to show that Google communicated to Gmail users, senders, and the public about these matters. And Google's communications further undermine the plausibility of the RNC's allegations.

Importantly, the RNC does not challenge the authenticity, accuracy, or meaning of any of these exhibits, making this case readily distinguishable from the two cases that the RNC cites, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), and *Sinatro v. Barilla America, Inc.*, No. 22-cv-03460, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022). In *Khoja*, the defendant sought to introduce the transcript of a conference call to establish what facts were disclosed to a third party. 899 F.3d at 1000. The court found that judicial notice was improper because "[r]easonable people could debate what exactly this conference call disclosed," so there was no fact established by the transcript that was not subject to reasonable dispute. *Id.* Here, the RNC has not identified any ambiguities in Google's exhibits that render them "subject to varying interpretations," *id.*, or preclude this Court from simply noticing their existence.

Similarly, in *Sinatro*, the parties agreed that "the court may take judicial notice of websites when the authenticity of the websites is not in dispute[,]" but plaintiffs argued that defendant's exhibits were "altered, zoomed-in versions of the webpages" that in many instances were "barely legible." *Sinatro*, 2022 WL 10128276, at *6. Again, here, the RNC does not dispute the authenticity, accuracy, or legibility of any exhibit.

The incorporation by reference doctrine provides an independent basis for considering Exhibits K, L, and D. The RNC does not deny that Exhibits K and L are expressly cited and discussed in the Complaint. *See* Compl. ¶¶ 8, 15 n.2, Dkt. 1 (discussing and quoting from Google's policies, including its Terms of Service). The Complaint likewise discusses the Postmaster Tools offered by Gmail (Exhibit D). *See* Compl. ¶¶ 36-37. Thus, under well-established law, Exhibits K, L, and D should be deemed incorporated by reference. *See Knievel*, 393 F.3d at 1076-77; *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813 (granting request to incorporate by reference Google's Terms of Service and Privacy Policy discussed in complaint); *McCoy*, 2021 WL 405816, at *2 (granting request to incorporate by reference Google's terms of service and various versions of its privacy policy). The RNC may not cherry-pick selected portions of those documents and then ask this Court to ignore the documents' full context.

**2. RNC's Donation Webpage (Exhibit O)**

The RNC objects to this Court taking judicial notice of the donation page from its *own* website (Exhibit O), although it does not contest its authenticity or accuracy. *See* Mot. to Strike 8-9. "[I]t is well-established that '[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time ....'" *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813; *see also Von Saher*, 592 F.3d at 960; *Reynolds*, 481 F. Supp. 3d at 1002; *Datel Holdings Ltd.*, 712 F. Supp. 2d at 985. The RNC offers no reason to depart from that well-established practice here.

Contrary to the RNC's claim, Google does not seek judicial notice of this exhibit "to dispute the RNC's factual claim that it lost money because of Google's conduct." Mot. to Strike 8. Rather, Exhibit O merely shows that the RNC offers supporters a way to make donations via its

website. *See* Mot. to Dismiss 18 (arguing that "supporters can make donations in a variety of ways, including on the RNC's website, without involving Gmail"). This uncontroversial fact is not even disputed by the RNC.

**3. The NCSU Study (Exhibit I) and Related News Article (Exhibit J)**

The RNC does not oppose judicial notice of the NCSU Study (Exhibit I), which the RNC acknowledges "is referenced in the complaint." Mot. to Strike 3 & n.1. It does, however, challenge judicial notice of the related Exhibit J ("Washington Post Article"), a news article that quotes one of the NCSU Study's researchers discussing the study. In its Complaint, the RNC attempts to rely on the NCSU study to support its discrimination theory, stating that the study "found that Google's Gmail labels significantly more campaign emails from Republican candidates as spam than campaign emails from Democratic political candidates." *See* Compl. ¶ 54 & n.3. But the RNC makes no mention of the Washington Post article, which quotes one of the very same researchers who performed the study as stating that "Gmail isn't biased like the way it's being portrayed" and that "the biases in Gmail almost disappeared" once they accounted for how user feedback impacts Gmail's spam filtering. *See* Mot. to Dismiss 9.

The RNC should not be permitted to rely on a mischaracterization of the NCSU Study's findings to support its claims and oppose Google's attempt to introduce statements made by one of the researchers disclaiming the RNC's characterization. Google is not offering the Washington Post article to establish that Gmail is not biased, but rather to show that an NCSU researcher made public statements disclaiming any notion that the study establishes political bias in Gmail. It is entirely proper for the Court to take judicial notice of Exhibit J to show that such statements were made. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 813-14 (taking judicial notice of Google's blog post "for the fact that Google made the statements it contains"); *see also Von Saher*, 592 F.3d at 960; *Reynolds*, 481 F. Supp. 3d at 1002; *Datel Holdings Ltd.*, 712 F. Supp. 2d at 985. To hold otherwise would allow the RNC to hide behind misleading and incomplete assertions about the NCSU Study.

**4. Records Related to FEC Proceedings (Exhibits A and F-H)**

Exhibits A and F-H relate to proceedings before the FEC. Courts routinely take judicial notice of information on government websites because such information "was made publicly available by government entities" and "neither party disputes the authenticity of the web sites or the accuracy of the information [contained] therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice is appropriate for records and reports of administrative bodies "as background material"); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146-47 (C.D. Cal. 2006) (taking judicial notice of government administrative reports where authenticity not disputed). Indeed, the RNC does not dispute the authenticity or accuracy of these exhibits. Nor does it dispute that they are publicly available on a government website. Instead, the RNC argues that "Google asks this Court to accept the FEC's findings as truth and is using them to support disputed facst [sic]." Mot. to Strike 4.

To the contrary, Google's motion to dismiss and request for judicial notice make clear that Google is requesting judicial notice of these public records to ensure that this Court is aware of related proceedings before the FEC, including the outcome of those proceedings. *See* RJN 6-7. Google is not asking this Court to take judicial notice of "the correctness of any determinations therein," or "to accept the FEC's findings as truth." Mot. to Strike 4. Google is well aware that the FEC proceedings involved alleged violations of various federal election laws, albeit based on a similar theory of political discrimination, and that the outcome of those proceedings does not dictate the outcome here. Nonetheless, the RNC should not be permitted to hide those proceedings from this Court by failing to mention them in its Complaint and then opposing Google's proper request for judicial notice.[1]

---

[1] The RNC cites *Arroyo v. LL Folsom, L.P.*, No. 21-cv-00266, 2022 WL 4387895 (E.D. Cal. Sept. 22, 2022) (Nunley, J.), to argue that this Court denied a request for judicial notice "to the extent Defendants cite Plaintiff's prior litigation history as a basis for scrutinizing the validity of Plaintiff's current claim." Mot. to Strike 5. In *Arroyo*, this Court declined to take judicial notice of a list of cases filed by the paraplegic plaintiff in other courts. 2022 WL 4387895, at *1, *3. This is not analogous to Google's request that this Court take judicial notice of public records available on government websites regarding proceedings before the FEC involving the same parties.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny the RNC's Motion to Strike and grant Google's request for judicial notice of Exhibits A-O.

Dated: March 27, 2023

**PERKINS COIE LLP**

By: ______________________

Sunita Bali, Bar No. 274108
Danielle Sivalingam, Bar No. 294369
Angie Young Kim, Bar No. 270503
Abdul Kallon (*pro hac vice*)
Ryan M. Spear (*pro hac vice*)
Michael Robert Huston (*pro hac vice*)

*Attorneys for Defendant Google LLC (erroneously sued as Google Inc.)*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on March 27, 2023, as follows:

Harmeet K. Dhillon (harmeet@dhillonlaw.com)
Michael A. Columbo (mcolumbo@dhillonlaw.com)
Jeremiah D. Graham (jgraham@dhillonlaw.com)
Anthony J. Fusaro, Jr. (afusaro@dhillonlaw.com)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

Counsel for Plaintiff
Republican National Committee

Thomas R. McCarthy (tom@consovoymccarthy.com)
Thomas S. Vaseliou (tvaseliou@consovoymccarthy.com)
Conor D. Woodfin (conor@consovoymccarthy.com)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423

Counsel for Plaintiff
Republican National Committee

*/s/ Sunita Bali*
Sunita Bali