HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
JEREMIAH D. GRAHAM (SBN: 313206)
jgraham@dhillonlaw.com
ANTHONY J. FUSARO, JR. (SBN: 345017)
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
*Counsel of Record for Plaintiff Republican National Committee*

THOMAS R. MCCARTHY (pro hac vice)
tom@consovoymccarthy.com
THOMAS S. VASELIOU (pro hac vice)
tvaseliou@consovoymccarthy.com
CONOR D. WOODFIN (pro hac vice)
conor@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
*Counsel for Plaintiff Republican National Committee*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE,<br><br>    Plaintiff,<br>v.<br><br>GOOGLE, INC.<br><br>    Defendant. | Case Number: 2:22-cv-01904-DLC-JDP<br><br>**PLAINTIFF REPUBLICAN NATIONAL COMMITTEE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DEFENDANT GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS (ECF 31).**<br><br>Judge:    Hon. Daniel J. Calabretta |



**INTRODUCTION**

Google's requests for judicial notice, and the documents attached to the Declaration of Sunita Bali, seek to inappropriately introduce extrinsic evidence to dispute the well-pleaded factual allegations in the RNC's complaint. This Court should not consider those documents or the arguments Google made based on those documents because the information they contain is not generally known, the RNC reasonably questions the documents' accuracy, Google impermissibly relies on the truth of the documents for its arguments, and Google failed to identify the specific facts it was noticing in the requested documents.

Google's responses are unavailing. Google claims that "[i]t is obvious that the RNC opposes Google's Request for Judicial Notice because the exhibits at issue further undermine its theory of partisan viewpoint discrimination." Opp. 1:14-15. That is incorrect. The RNC opposes Google's request and moves to strike the exhibits because Google's request conflicts with the law and tramples over foundational motion-to-dismiss principles. If anything, worse could be said about Google: The only reason Google attaches and relies on these inappropriate exhibits is because it realizes that the RNC's complaint plausibly states its claims and Google desperately needs to do something (anything) to undermine them. But Google can't win with the attached exhibits, and it certainly can't without them. In short, "[t]hat [Google] does not like [the well-pleaded allegations], or what they show, is no basis to" grant an improper "request for judicial notice." Opp. 1:26-27. This Court should deny Google's judicial-notice request and grant the RNC's motion to strike.

**ARGUMENT**

**I. A motion to strike is a proper procedural vehicle for challenging a request for judicial notice at the motion-to-dismiss stage.**

A court has discretion to strike inadmissible evidence when making a determination on the merits of a claim. *See, e.g.*, *Vaxiion Therapeutics, Inc. v. Foley & Larnder LLP*, 593 F.Supp.2d 1153, 1161 n.5 (S.D. Cal. 2008) ("Plaintiff argues defendant's motions to strike are disallowed by Fed.R.Civ.P. 12(f). This argument is misplaced because the Court has discretion to strike inadmissible evidence filed in support of a summary judgment motion."). An evidentiary motion to strike at the motion-to-dismiss stage is proper. *See, e.g.*, *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880

2

F.Supp.2d 1045, 1060 (N.D. Cal. 2012) (granting a motion to strike and objection to request for judicial notice); *Van Hook v. Curry*, 2008 WL 685646, at *1 (N.D. Cal. Mar. 13, 2008) ("Plaintiff has, however, attempted to add factual assertions which are not judicially noticeable by way of a declaration attached to his opposition to the motion to dismiss. Because such assertions are irrelevant when considering a motion to dismiss, the motion to strike will be granted and the contents of the declaration will not be considered."); *Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733 (S.D. Cal. May 13, 2008) (At the motion to dismiss stage, "[t]he Court DENIES defendants' request for judicial notice [of certain exhibits] … and GRANTS plaintiffs' motion to strike those exhibits.").

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 883 (9th Cir. 1983), does not hold otherwise. That is because the motion to strike in that case was not an evidentiary motion to strike; it was a motion to strike a Rule 59(e) motion for reconsideration. *Id.* at 885-86. This Court has discretion to strike exhibits submitted in connection with a request for judicial notice at the motion-to-dismiss stage.

In any event, the Court may still consider the RNC's arguments in its opening motion to strike and in this reply when resolving Google's request for judicial notice. So, at a minimum, the Court should decline to judicially notice the documents and rule on the motion to dismiss without considering Google's exhibits, except Exhibit I.

**II.   The FEC proceedings (Exhibits A, F, G, and H) are not proper subjects for judicial notice.**

Google claims its request is merely "to ensure that this Court is aware of related proceedings before the FEC, including the outcome of those proceedings," rather than for the Court to accept "the correctness of any determinations therein" or "to accept the FEC's findings as truth." Opp. 8:14-16. But there are at least two problems with that. First, for the reasons the RNC explained, Mot. 3:24-5:18, that is precisely what Google seeks to do here. Second, Google in the next sentence of its reply undermines its claim. Indeed, Google suggests that the FEC proceedings were "based on a similar theory of political discrimination." Opp. 8:19-20. But that is an odd statement to make if Google just wants the Court to know that the FEC proceeding happened. If Google agrees that "the FEC matter involved different statutes, different allegations, and different questions," as Google wants the Court

to believe, then the FEC matter is not relevant. Mot. 5:7-18.

Regardless, the Court should strike the exhibits anyway as being akin to improper prior litigation history. Google in a footnote tries to distinguish *Arroyo v. LL Folsom, L.P.*, 2022 WL 4387895 (E.D. Cal. Sept. 22, 2022), and its conclusion that "Plaintiff's prior litigation history [may not be a] basis for scrutinizing the validity of Plaintiff's current claim." *Id.* at *2 n.1; Opp. 8 n.1. But Google merely asserts that *Arroyo* "is not analogous to Google's request that this Court take judicial notice of public records available on government websites regarding proceedings before the FEC involving the same parties." *Id.* Litigation history is "available on government websites," and Google provides no reason why a proceeding before the FEC is not "analogous" to ones before courts. That just leaves the fact the FEC proceeding involved "the same parties." But Google provides no basis for why that matters for judicial-notice purposes.

It is also no answer to say that the FEC matter is relevant here. Google insists that the FEC matter involves a "similar theory of political discrimination," but it is wrong, and the statement underscores that Google still fundamentally misunderstands the RNC's legal theory. The FEC matter involved whether Google "made prohibited in-kind corporate contributions in violation of 52 U.S.C. §30118(a) and 11 C.F.R. §§109.21, 114.2." Ex. A (ECF 30-2) at 1. Based on the limited information before the FEC, the FEC determined that Google did not. In reaching that determination, the FEC explained that "the available information indicates that Google's spam filter is in place for commercial, rather than *electoral*, purposes" and "is not implemented to influence any election for federal office." Ex. A at 12-13 (emphasis added). The only information available to the FEC was the NCSU study, which the FEC "presume[d] … is both sufficiently rigorous and well-designed to establish that the spam filter has a disparate impact on Republican and Democratic candidate emails." *Id.* at 12. Thus, as the RNC has explained, "the FEC matter involved different statutes, different allegations, and different questions." Mot. 5:7-8

Moreover, the RNC here provides far more support in its complaint than the NCSU study. *See, e.g.*, MTD Opp. 15:2-18:11. And unlike before the FEC, this Court "must 'accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [RNC].'" *Dyroff*

*v. Ultimate Software Grp.*, 934 F.3d 1093, 1096 (9th Cir. 2019).

For these reasons, the FEC matter is akin to "prior … history [that] is irrelevant to the case at hand," so the Court should strike the exhibits and deny Google's request for judicial notice "to the extent [Google] cite[s] Plaintiff's prior … history as a basis for scrutinizing the validity of Plaintiff's current claim[s]." *Arroyo*, 2022 WL 4387895, at *3 n.1.

In sum, nothing in Google's opposition contradicts Plaintiff's arguments that the Court should deny Google's request for judicial notice; strike every reference to these exhibits in its motion to dismiss; and not consider any part of Exhibits A, F, G, and H in the Court's analysis of Google's motion to dismiss.

### III. The news article about the North Carolina study (Exhibit J) is not a proper subject for judicial notice.

That Google believes "a news article that quotes *one* of the NCSU Study's researchers discussing the study," Opp. 7:7-8 (a double hearsay situation), is a document from a source whose accuracy cannot be reasonably questioned and that this Court should accept these statements as true. Not so. *See* Mot. 5:19-6:13. Google offers nothing new in its opposition other than clearly stating that it wants the Court to accept these hearsay statements as true for the purpose of a motion to dismiss. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Applied Underwriters Inc. v. Lichtenegger*, 2017 WL 2881517, at *2 (E.D. Cal. July 6, 2017) (cleaned up). Yet Google asks the court to go beyond the complaint and consider quotations from a newspaper article.

Therefore, there is nothing in Google's opposition that contradicts the RNC's arguments that the Court should not consider, and should strike, Exhibit J from Google's request for judicial notice.

### IV. Google's webpages (Exhibits B-E and K-N) are not a proper subject for judicial notice.

Public availability of webpages is not a proper test for judicial notice under Fed. R. Evid. 201(b)(2). The RNC already established that public availability and the public realm test have to do with specific contexts that are not at issue in this complaint. Mot. 5:21-6:1. While "there are cases suggesting that courts may take judicial notice of 'publicly available' websites[,] a close examination

of those cases show little to no basis in sound authority for their conclusion." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018). Unlike government records and websites, "the records of private parties have no such imprimatur of reliability, and neither do their websites." *Id.* "When a non-governmental entity [seeks] judicial notice of its paper records, the request is properly rejected because such documents are subject to reasonable dispute." *Id.* at 1033. "That the same entity posts them on a 'publicly available' website does not change that essential fact and does not make them 'public records' for purposes of the judicial notice rules." *Id.*

That these documents are not of the type that are ordinarily subject to judicial notice is beyond dispute. *Robinson* and *Parrino*, cases cited by Google in its opposition, are predicated on a finding that the exhibits are of the sort that may be judicially noticed by the court.

Google doubles down by re-citing the three cases distinguished previously, along with two other cases, *McCoy* and *Brown*, Opp. 4:7-12, that are inapposite for similar reasons—the context and circumstances of those prior requests were critically different from those here. In *McCoy*, the Privacy Policy and Terms of Service were "referenced extensively throughout the Complaint and form[ed] the basis for Plaintiff's claims." 2021 WL 405816 at *2. That is not the case here, where there is only passing mention of the privacy policy and terms of service, and they do not form the basis for Plaintiff's claims. In *Brown*, there was no argument, like the one presented above, that mere public availability is an improper test. In fact, both the Plaintiff and Google agreed in that case that public availability was the proper test. 525 F.Supp.3d 1049, 1061. That is not the proper test for requests for evidence.

Google states that it is "not asking this Court to accept the truth of the statements contained in these exhibits," but that there are "facts Google seeks to establish through each exhibit" that "undermine the plausibility of the RNC's allegations." Opp. 4:19-5:16. Thus, the purpose of this request for judicial notice is to "resolve factual disputes against the plaintiff's well-pled allegations," which is "improper" because it "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1014 (9th Cir. 2018).

Google then states that the "RNC does not challenge the authenticity, accuracy, or meaning of any of these exhibits." Opp. 5:18-27. But the RNC did challenge all three of those things in its motion

to strike. For example, the RNC argued that these "documents are subject to interpretation and are in dispute. There are questions regarding when these policies were in effect, against whom they were enforced, and how they were interpreted." Mot. 6:27-7:1.

As the RNC pointed out in its motion, the incorporation-by-reference doctrine is appropriate when the document forms the basis of a claim, or is referenced extensively throughout the complaint, not in this case where there is only passing mention of Google's policies and terms. Mot. 6:15-26.

Nothing in Google's opposition contradicts the RNC's arguments that Google is improperly seeking to introduce extrinsic evidence for the court to consider in its analysis of Google's motion to dismiss. The Court should grant the RNC's motion to strike Exhibits B-E and K-N.

**V.   The RNC's website (Exhibit O) is not a proper subject for judicial notice, even if Google were seeking to introduce it for a proper purpose.**

The fact Google seeks to establish, Opp. 6:28-7:3, is outside the confines of the Complaint and from a source, a website, that is not a proper subject for judicial notice. As the RNC stated in its motion, "federal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents from websites when the sole justification for judicial notice is that the information or documents appear on websites that are created and maintained by a party to the litigation." *Punian v. Gillette Co.*, 2015 WL 4967535, at *5 (N.D. Cal., Aug. 20, 2015) (cleaned up) (quoted at Mot. 8). There is nothing in Google's opposition to contradict the RNC's arguments that the Court should not consider, and should strike, Exhibit O from Google's request for judicial notice.

**CONCLUSION**

For the foregoing reasons, this Court should deny Google's request for judicial notice, strike all exhibits—other than Exhibit I—from the declaration of Sunita Bali (ECF 30-1), and not consider the exhibits when ruling on Google's motion to dismiss.

Date: April 6, 2023                **DHILLON LAW GROUP INC.**

By: /s/ *Harmeet K. Dhillon*
Harmeet K. Dhillon
Michael A. Columbo
Jeremiah D. Graham

7

Anthony J. Fusaro, Jr.
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
*Counsel of Record for Plaintiff Republican National Committee*

**CONSOVOY MCCARTHY PLLC**

Thomas R. McCarthy (pro hac vice)
Thomas S. Vaseliou (pro hac vice)
Conor D. Woodfin (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
*Counsel for Plaintiff Republican National Committee*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on April 6, 2023, as follows:

**PERKINS COIE LLP**

Abdul Kallon (pro hac vice)
AKallon@perkinscoie.com
Ryan Spear (pro hac vice)
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Danielle Sivalingam, Bar No. 294369
DSivalingam@perkinscoie.com
Angie Kim, Bar No. 270503
AngieKim@perkinscoie.com
605 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Michael R. Huston (pro hac vice)
MHuston@perkinscoie.com
700 13th St NW
Washington, DC 20005
Telephone: 202.654.6200
Facsimile: 202.654.621

*Counsel for Defendant Google LLC*

/s/ *Harmeet K. Dhillon*
Harmeet K. Dhillon



Plaintiff's Reply ISO Motion to Strike Defendant's Request for Judicial Notice

Case No. 2:22-cv-01904-DLC-JDP

9