

505 Howard Street
Suite 1000
San Francisco, CA 94105-3204

T +1.415.344.7000
F +1.415.344.7050
PerkinsCoie.com

March 22, 2024

The Honorable Daniel J. Calabretta
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

**Re:   Republican National Committee v. Google LLC
        (Case No. 2:22-cv-01904-DJC-JDP)**

Dear Judge Calabretta:

  Defendant Google LLC respectfully submits this letter brief "addressing the two specific case citations provided by Plaintiff on the record" (Dkt. 67) at the hearing on Google's Motion to Dismiss the Republican National Committee's ("RNC's") Amended Complaint, and providing "contrary authority" (03/14/2024 Hearing Tr. ("Hr'g Tr.") 56:4–16).

  At the hearing, the RNC argued—for the first time—that it has a viable remedy under California's Unfair Competition Law ("UCL") because it "seek[s] declaratory judgment relief." Hr'g Tr. 35:19–20. The RNC cited two new, unbriefed district court cases to support its new argument that a declaratory judgment is an available remedy under the UCL: *Weizman v. Talkspace, Inc.*, No. 23-cv-912, 2023 WL 8461173 (N.D. Cal. Dec. 6, 2023), and *Colopy v. Uber Technologies Inc.*, No. 19-cv-6462, 2020 WL 3544982 (N.D. Cal. June 30, 2020). Neither case supports the RNC's argument.

  In *Weizman*, the district court stated in passing that "UCL remedies are … generally limited to restitution and prospective declaratory or injunctive relief," citing *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009), for support. 2023 WL 8461173, at *3. But *In re Vioxx* says nothing about declaratory relief, and instead reaffirms what Google's motion-to-dismiss briefing argued: "The remedies available in a UCL … action are limited to injunctive relief and restitution." 180 Cal. App. 4th at 130. Moreover, the district court in *Weizman* "dismiss[ed] [the plaintiff]'s UCL claim" on other grounds, without any analysis of the plaintiff's request for declaratory relief. 2023 WL 8461173, at *4.

  In *Colopy*, the court does not make a single mention of declaratory relief in its discussion of the plaintiff's UCL claim, so this case certainly does not stand for the

March 22, 2024
Page 2

proposition that declaratory relief is an available remedy under the UCL. *See* 2020 WL 3544982, at *4. The court's only discussion of declaratory relief relates to the plaintiff's claim under the federal Declaratory Judgment Act, *see id.* at *3, which is a claim the RNC does not assert in its First Amended Complaint.

Finally, the following authorities make clear that the *only* remedies available under the UCL are injunctive relief and restitution, not a declaratory judgment, and the RNC is not entitled to declaratory relief in any event given that there is no actual, present controversy:

- *Davidson v. United Servs. Auto. Ass'n*, No. CV 20-527, 2020 WL 4390379, at *3–4 (C.D. Cal. Mar. 10, 2020) (granting motion to dismiss, finding that "Plaintiff's UCL claim fails as a matter of law" because plaintiff "seeks only damages and declaratory relief, two remedies that are not permitted under the UCL").

- Cal. Bus. & Prof. Code § 17203 (unfair competition "may be enjoined" and the court may "restore to any person in interest any money or property … which may have been acquired by means of such unfair competition"; no mention of declaratory relief).

- *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("While the scope of conduct covered by the UCL is broad, its remedies are limited … . '[P]revailing plaintiffs are generally limited to injunctive relief and restitution.'" (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999))).

- *E.W. French & Sons, Inc. v. Gen. Portland Inc.*, 885 F.2d 1392, 1402 (9th Cir. 1989) ("In the case of all private plaintiffs, the [UCL] plainly authorizes only injunctive relief and restitution.").

- *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 805 (2015) (recognizing that declaratory relief requires "an *actual, present controversy*" which cannot be shown "simply by pointing to the very lawsuit"; "a request for declaratory relief will not create a cause of action that otherwise does not exist") (internal quotations and citations omitted).

March 22, 2024
Page 3

| | |
|---|---|
| Date: March 22, 2024 | Respectfully submitted, |
| | **Perkins Coie LLP** |
| | By:<u>/s/Michael R. Huston</u> |
| | Michael R. Huston (pro hac vice) |
| | Sunita Bali, Bar No. 274108 |
| | Ryan Spear (pro hac vice) |
| | Matthew R. Koerner (pro hac vice) |
| | Angie Young Kim, Bar No. 270503 |
| | Tyler Fergusson, Bar No. 345065 |
| | Attorneys for Defendant Google LLC |

March 22, 2024
Page 4

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system on March 22, 2024, as follows:

  Harmeet K. Dhillon (harmeet@dhillonlaw.com)
  Michael A. Columbo (mcolumbo@dhillonlaw.com)
  Jeremiah D. Graham (jgraham@dhillonlaw.com)
  Anthony J. Fusaro, Jr. (afusaro@dhillonlaw.com)
  DHILLON LAW GROUP INC.
  177 Post Street, Suite 700
  San Francisco, California 94108
  Telephone: (415) 433-1700

  Thomas R. McCarthy (tom@consovoymccarthy.com)
  Thomas S. Vaseliou (tvaseliou@consovoymccarthy.com)
  Conor D. Woodfin (conor@consovoymccarthy.com)
  CONSOVOY MCCARTHY PHLLC
  1600 Wilson Blvd., Suite 700
  Arlington, VA 22209
  Telephone: (703) 243-9423

  Counsel for Plaintiff Republican National Committee

                /s/Michael R. Huston